## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

WALTER WALTZ,

    Plaintiff,                                         Civil No.:

v.

NATIONAL CAR CURE, LLC, a Florida
limited liability company and
PELICAN INVESTMENT HOLDINGS GROUP,
LLC d/b/a AAP, a Florida limited
liability company,

    Defendants.

_____/

## **PETITION FOR REMOVAL**

Petitioners, National Car Cure, LLC and Pelican Investment Holdings Group, LLC d/b/a AAP (collectively "Petitioners"), by and through their undersigned counsel, hereby Petition this Honorable Court for Removal pursuant to 28 U.S.C. § 1441, *et seq.*, and in support thereof state as follows:

1. Plaintiff, Walter Waltz ("Plaintiff"), initiated this lawsuit on March 22, 2021 by filing a complaint in the Circuit Court of Cook County, Illinois ("Initial Complaint"). A complete and accurate copy of Plaintiff's Initial Complaint is attached hereto as Exhibit "A".

2. Plaintiff later filed an amended complaint on July 19, 2021 in the Circuit Court of Cook County, Illinois ("Amended Complaint"). A complete and accurate copy of Plaintiff's Amended Complaint is attached hereto as Exhibit "B".

3. Petitioners ultimately accepted service of process of the Amended Complaint on or about July 19, 2021.

4. Plaintiff's Amended Complaint sets forth two separate causes of action asserting claims arising under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and a

single cause of action arising under the Illinois Automatic Telephone Dialer's Act, 815 ILCS 305 ("ATDA"). *See* Exhibit "B" ¶¶ 31 – 55.

5. United States District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. §1331.

6. Thus, "any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441(a).

7. Plaintiff's claims necessarily involve federal questions as they implicate the statutory provisions and remedies of the TCPA, a federal statute, and its regulations.

8. Furthermore, the Supreme Court of the United States has expressly held that claims asserted under the TCPA arise under federal law and that federal courts retain subject matter jurisdiction over such claims. *See Mims v. Arrow Financial Services, LLC,* 565 U.S. 386, 386-87 (2012).

9. Moreover, Federal District Courts have jurisdiction over pendant state law claims pursuant to 28 U.S.C. § 1367. *See also* 28 U.S.C. §1441(c).

10. This petition for removal is timely as it has been filed within thirty (30) days from the date Plaintiff filed the Amended Complaint. *See* 28 U.S.C. §1446(b)(3).

11. Petitioners are jointly represented by undersigned counsel and both consent to this Petition for Removal.

WHEREFORE, Petitioners, National Car Cure, LLC and Pelican Investment Holdings Group, LLC d/b/a AAP, respectfully request that the State Court action be removed from the Circuit Court

of Cook County, Illinois to the United States District Court for the Northern District of Illinois for proper and just determination.

Dated: August 13, 2021.                        Respectfully Submitted,

                                     BY: /s/ *Jason S. Weiss*
                                              Jason S. Weiss
                                              Jason@jswlawyer.com
                                              **WEISS LAW GROUP, P.A.**
                                              5531 N. University Drive, Suite 103
                                              Coral Springs, FL 33067
                                              Tel: (954) 573-2800
                                              Fax: (954) 573-2798
                                              *Attorneys for Petitioners, National Car Cure, LLC and Pelican Investment Holdings Group, LLC d/b/a AAP.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2021, a true and correct copy of the foregoing Petition for Removal was sent via electronic mail and to all counsel of record.

                                     BY: /s/ *Jason S. Weiss*
                                          Jason S. Weiss