Atty. I.D. No. 17466

FILED
3/22/2021 3:52 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
12666973

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| WALTER WALTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2021L003104 |
| ) | |
| NATIONAL CAR CURE, LLC, a Florida ) | |
| limited liability company and ) | |
| AFFORDABLE AUTO PROTECTION, LLC, ) | |
| a Florida limited liability company, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Walter Waltz ("Waltz"), by and through his attorney, Robert J. Shelist of the Law Offices of Robert J. Shelist, P.C., and as and for his Complaint at Law against the Defendants, National Car Cure, LLC and Affordable Auto Protection, LLC (together referred to herein as the "Defendants"), and states as follows:

### JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 815 ILCS 305/1 and the Automatic Telephone Dialers Act and the dialings were received in Cook County, Illinois.

2. This Court has personal jurisdiction over Defendants because they have either directly or through their agents solicited and entered into business contracts after illegal autodialing in this County, and the conduct alleged in this Complaint occurred in or emanated from this County. Defendants, on information and belief, have directed advertising in this County as well.



EXHIBIT "A"

3. Venue is proper because Plaintiff received the unlawful calls in this County and the calls were directed, at least in part, to persons residing in this County and numerous other counties in Illinois.

## PARTIES

4. Plaintiff, Waltz, is an individual residing in Cook County, Illinois.

5. Defendant, National Car Cure, LLC, is a Florida limited liability company, offering insurance products such as vehicle service contracts, which regularly conducts business in this County and throughout Illinois.

6. Defendant, Affordable Auto Protection, LLC, is a Florida limited liability company, offering insurance products such as vehicle service contracts, which regularly conducts business in this County and throughout Illinois.

## FACTUAL ALLEGATIONS

7. Defendants, National Car Cure, LLC and Affordable Auto Protection, LLC, work in tandem to auto-dial Illinois residents.

8. All of the calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of all Defendants and their corporate affiliates.

9. In fact, Defendants profit from the illegally obtained customers contacted with full knowledge and approval of how those customers were illegally contacted. Specifically, Defendants profit from, permit and approve of using an illegal dialing scheme. They knows of multiple complaints regarding their illegal dialing scheme yet continue to do it, with impunity. They could not illegally dial customers without each other's approval and support.

10. Unfortunately for consumers, Defendants, in an attempt to secure new customers for

2

insurance products and services, engaged in an aggressive, wide-spread telemarketing campaign—often stepping outside the law in the process.

11. Three types of violations are at issue in this case. First, Defendants, use automatic telephone dialing systems ("ATDS") to make unsolicited telemarketing calls to Plaintiff's cell phone. Such calls are unlawful unless made with prior express consent—which Defendants never obtained.

12. Second, Defendants, through their joint scheme, made repeated calls to Plaintiff's number listed on the National Do Not Call Registry.

13. Third, Defendants or their affiliates, partners or agents, illegally and fraudulently created fake consent to justify their illegal activity when no such consent was ever provided by Plaintiff.

14. By making unauthorized telemarketing calls as alleged herein, Defendants have caused Plaintiff harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, wear and tear caused to consumer telephones (e.g. consumption of battery life, minutes and data), lost ability to place outgoing calls and other interruption in use.

15. Defendants made the calls knowing it trespassed against and interfered with Plaintiff's use and enjoyment of, and the ability to access, his cell phone, including the related data, software, applications and hardware components.

16. Defendants knowingly made these calls to Plaintiff without the prior express consent all while he has been listed on the National Do Not Call Registry for at least 30 days. As such, Defendants not only invaded the personal privacy of Plaintiff, they also intentionally and repeatedly violated the TCPA.

17. In fact, Defendants use "lead providers" who falsify or use others to falsify fake

3

consents on behalf of consumers.

18. The calls were made by or on Defendants' behalves with their knowledge and approval. Defendants and their companies and affiliates knew about the calls, received the benefits of the calls, directed that the calls be made and/or ratified the making of the calls. In fact, Defendants have been put on repeated notice of numerous auto-dialing activities for which they receive tremendous benefit. They specifically engage third-parties to violate the law and then benefit financially.

19. The Illinois Act and TCPA were enacted to protect consumers from unsolicited telephone calls like those alleged in this case.

20. In response to Defendants' unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities to Plaintiff, and an award of statutory damages to Plaintiff, together with pre and post-judgment interest plus costs and reasonable attorneys' fees.

21. Plaintiff is the owner and customary user of a cell phone number ending in 3357.

22. At no time did Plaintiff provide his cell phone number to Defendants or provide Defendants, or any of Defendants' agents or affiliates with prior express consent to call him.

23. At all times relevant hereto, and for a period of at least thirty (30) days prior to the relevant period of time, Plaintiff's cell phone number was and remains registered on the DNC Registry.

24. Plaintiff received unsolicited, autodialed calls from Defendants multiple times in 2020 and 2021.

25. It was apparent from the clicking/automated nature of the call that the equipment used to dial had the present capacity to generate and store random or sequential numbers and to dial them.

4

The system functioned similarly to a predictive dialer and allowed Defendants to make calls *en masse* without human intervention.

26. All of the calls were made by agents or employees of Defendants at the direction and oversight of Defendants. Defendants knew about, directed, ratified and benefitted from the calls. In fact, Defendants have known for some time that their seller agents regularly violate the TCPA and auto-dial cell phones and falsify consents.

27. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendants, had never provided his telephone number directly to Defendants and had never requested that Defendants place calls to him or to offer him any services. Simply put, Plaintiff has never provided any form of prior express consent to Defendants to place telemarketing calls to his cell phone number and has no business relationship with Defendants.

28. Defendants were, and remain, aware that the above-described telemarketing calls were made to consumers like Plaintiff who never provided prior express consent to receive them.

29. By making unsolicited calls as alleged herein, Defendants have caused Plaintiff actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, wear and tear caused to consumer telephones (e.g. consumption of battery life, minutes and data), lost ability to place outgoing calls and other interruption in use. Plaintiff similarly suffered other diminished use, enjoyment, value and utility of his cell phone and cell phone plans, including all hardware and software components.

30. To redress these injuries, Plaintiff brings this suit under the Illinois Act and TCPA, which prohibit unsolicited telemarketing calls to cellular telephones and repeated calls to numbers listed on the national Do Not Call registry. Plaintiff seek an injunction requiring Defendants to

5

cease all unauthorized calling activities to Plaintiff and an award of statutory damages, together with pre- and post-judgment interest, costs and reasonable attorney's fees.

## FIRST CAUSE OF ACTION

### Violation of 815 ILCS 305, Automatic Telephone Dialers Act

31. Plaintiff repeats and reiterates each and every allegation contained in Paragraphs 1 through 30 inclusive and adopts the same as though fully set forth herein.

32. This statute, 815 ILCS 305, the Automatic Telephone Dialers Act, renders it unlawful to auto-dial citizens of the State of Illinois, including Plaintiff, without proper consent.

33. Defendants made or caused to be made multiple calls to Plaintiff's cell phone, which he has documented.

34. These calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendants, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendants' autodialer disseminated information *en masse* to Plaintiff and other consumers and is an ATDS under the Illinois Act.

35. The calls were for telemarketing purposes, specifically to apprise Plaintiff and others of the availability of Defendants' insurance products and services.

36. Plaintiff never provided prior express consent under the TCPA to be called by or on behalf of Defendants.

37. As a result of Defendants' unlawful conduct, Plaintiff suffered actual damages and,

6

under section 815 ILCS 305, Plaintiff is entitled to receive up to $500 in damages for each violation, plus attorney's fees and costs.

38. But since Defendants' acts were knowing and willful, Plaintiff is entitled to $1,500 for each violation.

## SECOND CAUSE OF ACTION

**Violation of 47 U.S.C. § 227, *et seq.*, Telephone Consumer Protection Act ("TCPA")**

39. Plaintiff repeats and reiterates each and every allegation contained in Paragraphs 1 through 30 inclusive and adopts the same as though fully set forth herein.

40. Defendants made or caused to be made multiple calls to Plaintiff's cell phone, which he has documented.

41. These calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendants, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendants' autodialer disseminated information *en masse* to Plaintiff and other consumers and is an ATDS under the TCPA.

42. The calls were for telemarketing purposes, specifically to apprise Plaintiff and others of the availability of Defendants' insurance products and services.

43. Plaintiff never provided prior express consent under the TCPA to be called by or on behalf of Defendants.

7

44. As a result of Defendants' unlawful conduct, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff is entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

45. Since Defendants' actions were knowing and willful, pursuant to Section 227(c)(5), Plaintiff is entitled to $1,500 per violation.

46. Plaintiff is also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent the future receipt of Defendants' unlawful calls.

### THIRD CAUSE OF ACTION

**Violation of 47 C.F.R. § 64.1200(d) *et seq.*, Delivery restrictions**

47. Plaintiff repeats and reiterates each and every allegation contained in Paragraphs 1 through 30 inclusive and adopts the same as though fully set forth herein.

48. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. 47 C.F.R. § 64.1200(e), in turn, provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order."

49. The July 3, 2003 Report and Order provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone

FILED DATE: 3/22/2021 3:52 PM 2021L003104

FILED DATE: 3/22/2021 3:52 PM 2021L003104

numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

50. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

51. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, repeated telephone solicitations to telephone subscribers such as Plaintiff who registered his telephone number on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the Federal government. These consumers requested to not receive calls from Defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

52. Defendants made many unsolicited telephone call to Plaintiff within a 12-month period without their prior express consent to receive such calls. Plaintiff never provided any form of consent to receive telephone calls from Defendants.

53. Defendants do not have a valid current record of consent to place telemarketing calls to them. All they have, if anything, is a falsified record.

54. Defendants violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to Plaintiff, without instituting working procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

55. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), is entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

56. Since Defendants' conduct was knowing and willful, pursuant to 47 U.S.C. § 227(c)(5),

FILED DATE: 3/22/2021 3:52 PM 2021L003104

Plaintiff is entitled to $1,500 per violation..

## JURY DEMAND

Plaintiff demands a trial by jury of all claims that can be so tried.

## PRAYER FOR RELIEF

PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

A. An order declaring Defendants' actions violate the Illinois Act and TCPA;

B. An injunction requiring Defendants to cease all auto-dialing telemarketing calls and to cease using any agents to auto-dial on its behalf to Plaintiff;

C. An award of damages under the Illinois Act and/or TCPA of $1,500.00 per violation to pay to Plaintiff;

D. An award of damages for the deceptive business practices as well as attorneys' fees;

E. An award of attorneys' fees and costs to be paid pursuant to 815 ILCS 305; and

11

FILED DATE: 3/22/2021 3:52 PM  2021L003104

    F.  Such other and further relief as this Court deems just.

Dated: March 22, 2021

                                          Respectfully submitted,

                                          WALTER WALTZ,

                                                      /s/ Robert J. Shelist
                                        By:_____
                                                Robert J. Shelist

Robert J. Shelist
Law Offices of Robert J. Shelist, P.C.
205 N. Michigan Avenue
Suite 810
Chicago, Illinois 60601
(312) 226-0675
Attorney I.D. No. 17466

SERVED 12:05 p. M On 4/13/ 20 21
OFFICE OF THE SHERIFF, PALM BEACH COUNTY, FL
Dep. CL 7148
DEPUTY SHERIFF                    I.D. NO.

FILED DATE: 3/24/2021 11:04 PM   2021L003104

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                       (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties
WALTER WALTZ

                                                                Purchased Policy

**Plaintiff(s)**

v.

NATIONAL CAR CURE, LLC and          Case No. 21 L 3104
AFFORDABLE AUTO PROTECTION, LLC

**Defendant(s)**

SEE EXHIBIT A

Address of Defendant(s)

Please serve as follows (check one):   ◌ Certified Mail   ◉ Sheriff Service   ◌ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE.**

To file your written appearance/answer YOU DO NOT NEED TO COME TO THE COURTHOUSE. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3